**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2014-115

UNITED STATES TAX COURT

JOHN MARK FERM AND BRENDA KAY FERM, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 19107-13S.                    Filed December 30, 2014.

John Mark Ferm and Brenda Kay Ferm, pro sese.

Jeremy J. Eggerth and John C. Schmittdiel, for respondent.

SUMMARY OPINION

MARVEL, Judge:  This case was heard pursuant to the provisions of section

7463[1] of the Internal Revenue Code in effect when the petition was filed.

---

[1]Unless otherwise indicated, all section references are to the Internal
Revenue Code as amended and in effect for the tax year at issue, and all Rule
references are to the Tax Court Rules of Practice and Procedure.

Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

In a notice of deficiency dated June 13, 2013, respondent determined a Federal income tax deficiency of $3,662 for petitioners' 2011 taxable year after they filed an amended return. After concessions by respondent,[2] the only issue remaining is whether petitioners are entitled to an American opportunity credit in an amount greater than that allowed by respondent.

Background

Some of the facts have been stipulated and are so found. The stipulated facts and facts drawn from stipulated exhibits are incorporated herein by this reference. Petitioners, who are married to each other, resided in Minnesota when they filed the petition.

Petitioner wife's daughter, H.A., graduated from high school in June 2010 and subsequently enrolled in North Hennepin Community College. She began

---

[2]The notice of deficiency disallowed a dependency exemption deduction for petitioner husband's minor child E.F. After trial respondent conceded this issue in his status report. The notice of deficiency also disallowed petitioners' claimed child tax credit as a computational adjustment on the basis of respondent's disallowance of the dependency exemption deduction. Although respondent's status report does not mention the child tax credit, the Court assumes that respondent no longer disputes the credit as a result of respondent's concession of the dependency exemption deduction.

classes in the fall 2010 semester. For the spring 2011 semester, which began in early January, H.A.'s account statement from the college shows charges for the following:

| Item | Amount |
|---|---|
| Resident tuition | $2,113.16 |
| Parking | 44.80 |
| Student life fee | 70.00 |
| Technology fee | 84.00 |
| MSCSA | 4.34 |
| Professional development Occ/professional course fees | 50.00 |

The statement also shows that three payments were made toward the spring 2011 charges: $2,150.85 received on December 28, 2010; $50 received on January 3, 2011; and $165.45 received on May 6, 2011. Petitioners made these payments on H.A.'s behalf by taking distributions from their qualified tuition program account, also known as a section 529 plan account, and then remitting payments to the college with a debit/credit card.

Petitioners, who are cash method taxpayers, timely filed a joint Form 1040, U.S. Individual Income Tax Return, for taxable year 2011. On April 1, 2013, respondent received from petitioners a Form 1040X, Amended U.S. Individual Income Tax Return, for the 2011 taxable year, reflecting adjustments made as a

result of respondent's examination. On their Form 1040X petitioners claimed an American opportunity credit of $2,107[3] for H.A.'s education expenses.[4]

On June 13, 2013, respondent sent petitioners a notice of deficiency disallowing the American opportunity credit for lack of payment verification. On August 19, 2013, petitioners timely filed a petition in this Court disputing respondent's disallowance of the credit. At trial respondent conceded $157 of the claimed credit. The remaining amount is in dispute.

## Discussion

### I. Burden of Proof

Generally, the Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving that the determinations are erroneous. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). The burden of proof shifts to the Commissioner, however, if the

---

[3]Of the $2,107, $843 was claimed as a refundable credit and $1,264 was claimed as a nonrefundable credit. See sec. 25A(i)(6).

[4]On the original return, petitioners claimed education credits associated with petitioner husband's child J.F. Petitioners then amended their return, removing the dependency exemption deduction and the education credits associated with J.F. as a result of respondent's examination. The remaining American opportunity credit is attributable solely to H.A.'s education expenses.

taxpayer produces credible evidence with respect to any factual issue relevant to ascertaining the taxpayer's liability for any tax imposed by subtitle A or B of the Code and the taxpayer satisfies the requirements of section 7491(a)(2).[5] Sec. 7491(a)(1).

Petitioners do not contend that section 7491(a)(1) applies, and the record does not permit us to conclude that they satisfied the section 7491(a)(2) requirements. Accordingly, the burden of proof does not shift to respondent.

## II.    American Opportunity Credit

For 2011, section 25A permits qualified taxpayers an American opportunity credit[6] of:  (1) 100% of qualified tuition and related expenses that the taxpayer

---

[5]"'Credible evidence is the quality of evidence which, after critical analysis, the court would find sufficient upon which to base a decision on the issue if no contrary evidence were submitted (without regard to the judicial presumption of IRS correctness).'" Higbee v. Commissioner, 116 T.C. 438, 442 (2001) (quoting H.R. Conf. Rept. No. 105-599, at 240-241 (1998), 1998-3 C.B. 747, 994-995).

[6]The American opportunity credit is a modified version of the Hope Scholarship Credit in effect for taxable years 2009 to 2012. See sec. 25A(i).  The credit is available only to taxpayers who paid qualified expenses related to education furnished to eligible students.  See sec. 25A(f), (i).  Eligible students, in addition to other requirements, should have been enrolled at an eligible educational institution in a program leading toward a postsecondary degree, certificate, or other recognized postsecondary educational credential.  See sec. 1.25A-3(d), Income Tax Regs.  Further, the credit is limited to taxpayers whose modified adjusted gross income falls below a certain threshold.  See sec. 25A(i)(4).  Respondent does not dispute that H.A. is an eligible student or that

(continued...)

paid during the taxable year for education furnished during any academic period beginning in that taxable year up to $2,000, plus (2) 25% of so much of qualified tuition and related expenses so paid as exceeds $2,000 but does not exceed $4,000. Sec. 25A(i)(1). The statute defines "qualified tuition and related expenses" to include tuition and fees at an eligible educational institution that the taxpayer, the taxpayer's spouse, or the taxpayer's dependent attends, as well as course materials. Sec. 25A(f)(1), (i)(3). The credit cannot be applied to expenses involving sports, games, or hobbies unless this education is part of the student's degree program. Sec. 25A(f)(1)(B). Moreover, student activity fees, athletic fees, insurance expenses, and other expenses not related to an academic course of instruction are not creditable expenses unless the fees are a required condition of the student's attendance or enrollment and are not inherently personal. Sec. 25A(f)(1)(C); sec. 1.25A-2(d)(1), (3), Income Tax Regs. (stating that personal expenses such as insurance and medical costs are not qualified even if the fee must be paid to the educational institution as a requisite of enrollment or attendance).

Although petitioners have provided sufficient evidence to show that they paid the charges from North Hennepin Community College for H.A.'s benefit,

---

[6](...continued)
petitioners meet the income threshold.

respondent disallowed all but $157 of the claimed credit associated with these expenses. Respondent contends that (1) petitioners paid $2,150.85 of the charges in the 2010 taxable year, and (2) not all of the charges were "qualified tuition and related expenses".

Generally, the American opportunity credit is allowed only when payment is made in the same year that the academic period begins. Sec. 1.25A-5(e)(1), Income Tax Regs. For cash method taxpayers, such as petitioners, qualified education expenses are treated as paid in the year in which the expenses are actually paid. Id. Section 25A(g)(4) contemplates the scenario where, as here, a taxpayer prepays qualified tuition and related expenses during one taxable year for an academic period that begins during the first three months of the following taxable year. In that instance, section 25A(g)(4) provides that the academic period is treated as beginning during the taxable year in which payment was made. This provision therefore requires taxpayers to claim the credit with respect to the taxable year that the expenses were paid when the academic period begins in January, February, or March of the following year.[7] See secs. 1.25A-3(e), 1.25A-5(e)(2)(i), Income Tax Regs.

---

[7]This assumes the taxable year follows the calendar year. See sec. 1.25A-5(e)(2)(i), Income Tax Regs.

The regulations provide an example of this principle: "In December 1998, Taxpayer A, a calendar year taxpayer, pays College Z $1,000 in qualified tuition and related expenses to attend classes during the 1999 Spring semester, which begins in January 1999. Taxpayer A may claim an education tax credit only in 1998 for payments made in 1998 for the 1999 Spring semester." Sec. 1.25A-5(e)(2)(ii), Income Tax Regs. (emphasis added); see also sec. 1.25A-3(e), Income Tax Regs. Respondent does not dispute that petitioners paid qualified tuition and related expenses on December 28, 2010, for the academic period beginning January 2011. Petitioners were therefore entitled to an American opportunity credit with respect to this payment, if at all, for taxable year 2010. See sec. 25A(g)(4); sec. 1.25A-5(e)(2)(ii), Income Tax Regs. Neither the statute nor the regulations permit a cash method taxpayer an American opportunity credit with respect to a year other than the taxable year in which the payment was actually made. Accordingly, petitioners are not entitled to a credit for taxable year 2011 with respect to the December 28, 2010, payment of $2,150.85.

Petitioners made two payments in taxable year 2011: a payment of $50 received on January 3, 2011, and a payment of $165.45 received on May 6, 2011. Respondent concedes that petitioners are entitled to a credit of $157 with respect to these payments. The remaining $58.45 is in dispute.

Respondent disallowed this amount as purportedly not paid toward qualified tuition and related expenses. The account statement from North Hennepin Community College shows charges for parking, a student life fee, a technology fee, "MSCSA", and "Professional Development Occ/Professional Course Fees"[8] as well as tuition charges. Petitioners' payments were not allocated among the charges. Petitioners have not shown that those fees were necessary for enrollment or attendance at North Hennepin Community College or that the 2011 payments were applied solely to qualified tuition and related expenses. See sec. 25A(f)(1); sec. 1.25A-2(d)(2) and (3), Income Tax Regs.; see also Rule 142(a); Welch v. Helvering, 290 U.S. at 115. Accordingly, petitioners are not entitled to an American opportunity credit for the 2011 taxable year in an amount greater than the amount respondent allowed.

We realize that the statutory requirements may seem to work a harsh result in a case such as this where a four-day delay in making the December 28, 2010, payment would have engendered a different result. However, the Court must apply the statute as written and follow the accompanying regulations when consistent therewith. Michaels v. Commissioner, 87 T.C. 1412, 1417 (1986). We

---

[8]The record does not indicate what "MSCSA" or "Professional Development Occ" stands for.

have considered the parties' remaining arguments, and to the extent not discussed above, conclude those arguments are irrelevant, moot, or without merit.

To reflect respondent's concessions and the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.